UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                            )
NORRIS R. JAGNANDAN,                        )
                                            )
            Plaintiff,                      )
                                            )
      v.                                    )   Civil Action No. 06-2139 (RCL)
                                            )
COMMISSIONER OF SOCIAL                      )
SECURITY,                                   )
                                            )
            Defendant.                      )
_____)

MEMORANDUM OPINION

In this action brought under 42 U.S.C. § 405(g), plaintiff seeks review of the Social

Security Commissioner's denial of disability insurance benefits.  The Commissioner has

moved for judgment of affirmance.  Upon consideration of the parties' submissions, the

administrative record ("AR") and the applicable law, the Court finds that the Administrative

Law Judge's ("ALJ") determination of no entitlement is substantially supported by the

evidence.  The Commissioner's motion for judgment of affirmance therefore is granted.

I.  BACKGROUND

Plaintiff, a former medical doctor residing in the Philippines, applied for disability

insurance benefits on September 25, 2001, based on disabling impairments as of October 19,

1997.  AR 15, 43.  Plaintiff listed his disabling conditions as "chronic drug, alcoholic abuse,

chronic pancreatitis, diabetes, malabsorbtion, urine and bowel incontinance, severe leg cramps

and leg pain, [and] severe bone pain."  AR 43.  Plaintiff's application was denied, as was his

request for reconsideration. *See* AR 25-35.  After timely requesting a hearing before an ALJ,

plaintiff waived his appearance, thereby electing to have his claim decided on the record, AR

36, 40, and without representation.  AR at 15.

Based on the evidence, the ALJ determined on July 28, 2004, that plaintiff was

ineligible for disability payments during the relevant time period from October 19, 1997 (the

onset of disability) to March 31, 1998 (the final date of coverage) because his impairments

were a direct result of his abuse of alcohol and drugs.  AR 15-16, 20-21.  The ALJ therefore

denied plaintiff's claim pursuant to § 105 of Pub.L. 104-121 (codified at 42 U.S.C. § 1382c

(a)(3)(J)), which prohibits disability payments if drug addiction or alcoholism is found to be a

material contributing factor to the claimed disability.  AR at 21.

The Appeals Council upheld the ALJ's determination on August 21, 2006.  AR at 5-6.

Plaintiff initiated this action on December 14, 2006.

## II.  DISCUSSION

Pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), this Court has jurisdiction to review

the final decision of the Commissioner of Social Security but only to determine whether there

exists substantial evidence in the administrative record to support the Commissioner's

findings.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Igonia v. Califano*, 568 F.2d

1383, 1389 (D.C. Cir. 1977).  Substantial evidence is "more than a mere scintilla[;] [it is]

such relevant evidence as a reasonable mind might accept as adequate to support a

conclusion."  *Richardson*, 402 U.S. at 401 (*quoting Consol. Edison Co. v. NLRB*, 305 U.S.

197, 229 (1938)).  Although the court may not reweigh the evidence or substitute  the

Commissioner's judgment with regard to the evidence, it has a "duty" to "carefully scrutinize

the entire record" in reaching its determination.  *Davis v. Heckler*, 566 F. Supp. 1193, 1195

(D.D.C.1983) (citations omitted).  However, the Commissioner's findings as to any fact, if

supported by substantial evidence, shall be conclusive, and the Commissioner's decision, if not "tainted by an error of law," is accorded "considerable deference." *Davis v. Shalala*, 862 F.Supp. 1, 4 (D.D.C. 1994).

The Social Security Act ("SSA") defines "disability" as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423 (d)(1)(A). The inability to engage in substantial gainful activity includes the inability to perform the claimant's previous work or other kind of substantial gainful work which exists in the national economy. 42 U.S.C. § 423(d)(2)(A). However, "[a]n individual shall not be considered to be disabled . . . if alcoholism or drug addiction would (but for this subparagraph) be a contributing factor material to the Commissioner's determination that the individual is disabled." 42 U.S.C. § 1382c(a)(3)(J).

Claims for Social Security disability insurance benefits are evaluated using a five-step sequential process outlined in the Code of Federal Regulations. *See* 20 C.F.R. §§ 404.1520, 416.920. Failure to satisfy any one of the first four steps results in a determination of "not disabled." The claimant must prove (1) that he is not presently engaged in substantial gainful work, (2) that he has a severe "impairment," and either (3) that he suffers for more than twelve months from one or more listed impairments, or (4) that he is incapable of performing past relevant work. *Id*. If the claimant prevails on the first four steps, the fifth step shifts the burden to the Commissioner to prove that the plaintiff, based upon his age, education, work experience, and residual function capacity, is capable of performing other gainful work. *Id*. *See Simms v. Sullivan*, 877 F.2d 1047, 1049 (D.C. Cir. 1989). When, as here, there is

3

medical evidence of alcoholism or drug addiction, SSA regulations counsel the claimant as

follows.

> (1) The key factor we will examine in determining whether drug addiction or
> alcoholism is a contributing factor material to the determination of disability is
> whether we would still find you disabled if you stopped using drugs or alcohol.

> (2) In making this determination, we will evaluate which of your current
> physical and mental limitations, upon which we based our current disability
> determination, would remain if you stopped using drugs or alcohol and then
> determine whether any or all of your remaining limitations would be disabling.

> (i) If we determine that your remaining limitations would not be disabling, we
> will find that your drug addiction or alcoholism is a contributing factor
> material to the determination of disability.

> (ii) If we determine that your remaining limitations are disabling, you are
> disabled independent of your drug addiction or alcoholism and we will find
> that your drug addiction or alcoholism is not a contributing factor material to
> the determination of disability.

20 C.F.R. § 404.1535.

Applying the five-step evaluation process, the ALJ determined that plaintiff was

disabled.  S*ee* AR at 16-19.[1]  Having found that plaintiff "is an alcoholic," AR at 16,

however, the ALJ proceeded to determine the impact of plaintiff's addiction on his disability.

The ALJ relied on, among other medical evidence, the opinions of plaintiff's treating

---

[1]   The ALJ determined that "evidence generated after March 31, 1998 [was] not relevant
unless it tend[ed] to prove the claimant's condition as it existed on or prior to March 31, 1998."
AR 16.  From plaintiff's medical records, the ALJ found that plaintiff was not diagnosed with
cirrhosis and heptoma (liver cancer) until 2002.   In October 1997, plaintiff diagnosed himself as
diabetic, presumably based on his "significant weight loss, urinary urgency and frequency, and
excessive thirst," and began taking medication for diabetes.  AR at 17.  The ALJ nevertheless
concluded that during the relevant time period, plaintiff's impairments "were not 'severe' enough
to meet or medically equal" the regulatory medical impairments that would have precluded
plaintiff from working.  *Id*.  But he further determined that plaintiff was incapable of performing
past relevant work as a physician (Step 4) and, because of his daily alcohol dependency,
incapable of performing other gainful work (Step 5).  AR 17-18.

physician, Dr. V. Ricarte, "that as of August [] 1997, the claimant 'was completely disabled due to Alcoholism and drug addiction'" and that plaintiff's hepatitis, enlarged liver, jaundice and diabetes were "'alcohol induced.'"  AR 19.   In addition, the ALJ cited to plaintiff's acknowledgment in his claim form of alcohol and drug abuse.  *Id.*  The ALJ had substantial evidence before him to conclude that but for plaintiff's "excessive alcohol consumption[,] [plaintiff] would have been able to maintain adequate work attendance and perform at a consistent pace," AR at 19, between October 19, 1997 and March 31, 1998.  Therefore, the ALJ properly determined that plaintiff was ineligible for disability payments because his alcohol and drug abuse were "contributing factor[s] material to the finding of disability."  AR at 21.

## III.  CONCLUSION

For the reasons stated above, the Court grants defendant's motion for summary affirmance.  A separate Order accompanies this Memorandum Opinion.

_____s/_____
Royce C. Lamberth
United States District Judge

Date: November 9, 2007